```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE: Fosamax Products Liability   :
Litigation                          :      1:08-cv-06927-JFK
                                    :
------------------------------------x      **Memorandum Opinion**
This Document Relates to:           :           **& Order**
                                    :
Carol Gipson v. Merck & Co., Inc.,  :
1:08-cv-06927-JFK                   :
------------------------------------x
```

**JOHN F. KEENAN, United States District Judge:**

        Defendant Merck Sharp & Dohme Corp. ("Merck") moves pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) to dismiss this case with prejudice because plaintiff Carol Gipson ("Plaintiff") has failed to provide a Plaintiff Profile Form ("PPF") as required by Case Management Order No. 3 ("CMO 3"). Plaintiff has not opposed the motion. For the reasons provided below, the motion is GRANTED.

## Background

        Section 10.3 of CMO 3 requires plaintiffs in all cases consolidated in this multi-district litigation ("MDL") to submit completed PPFs to defense counsel within sixty days of the date that the case is filed with this Court or, for cases transferred here, the date that the conditional transfer order becomes final. CMO 3 further provides that Merck may send a deficiency letter to a plaintiff who has not submitted a completed PPF within sixty days. Upon receipt of the

deficiency letter, the plaintiff has thirty days to cure the deficiency.  If the plaintiff fails to provide a PPF within the cure period, CMO 3 permits the "defendants to move for sanctions, including without limitation, attorneys fees, dismissal without prejudice, or dismissal with prejudice."

Plaintiff filed her case in this Court on August 1, 2008.  In a letter dated August 11, 2008, Merck reminded Plaintiff of her obligation to provide a completed PPF by September 30, 2008, sixty days after the filing of the complaint.  Merck gave Plaintiff several extensions of time to provide a PPF.  Plaintiff did not provide a PPF by the final deadline, November 14, 2008.  An incomplete PPF finally was produced on December 2, 2008.

Merck sent Plaintiff a letter dated March 4, 2009, noting the deficiencies in the PPF produced on December 2, 2008, and requesting the omitted information within 30 days. Plaintiff's counsel obtained several extensions of time to respond to the deficiency letter because of their continuing inability to contact Plaintiff.

On September 8, 2009, the Court granted Plaintiff's counsel's motion to withdraw as attorney in the matter.  The Court directed Ms. Gipson to respond to the Merck's deficiency letter by October 16, 2009 and reminded her that her failure

to provide a completed PPF would lead to the dismissal of her case.  Plaintiff still has not provided fully-completed PPF or otherwise responded to Merck's deficiency letter.

On October 21, 2009, Merck filed this motion to dismiss the case with prejudice as a sanction for Plaintiff's noncompliance with CMO 3.  Plaintiff has not opposed the motion nor offered to provide a completed PPF.

### Discussion

Rule 37(b) governs the instant motion. Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 207 (1958).  The rule provides that a district court may impose sanctions "as are just" upon a party who fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2).  The court has discretion to impose a sanction of dismissal only if the failure to comply resulted from "willfulness, bad faith, or any fault." Societe Internationale, 357 U.S. at 207; Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d. 130 (2d Cir. 2007).

Here, dismissal is an available sanction because Plaintiff's disobedience was willful. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the

party's control." Davis v. Artuz, No. 96 Civ. 7699 (GBD), 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001) (citing Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997)).  CMO 3 clearly states that every plaintiff in this MDL must provide defendant with a completed PPF.  There can be no doubt that Plaintiff understood this obligation.  Merck sent several letters reminding her counsel of it, and the Court's September 8, 2009 Order expressly directed Plaintiff to provide a completed PPF or otherwise her case would be dismissed.  Despite this, Plaintiff disregarded her discovery obligations under CMO 3, ignored warnings from defendant and the Court, and failed to respond to this motion to dismiss.  Plaintiff has not claimed that her noncompliance was caused by forces beyond her control.

A dismissal with prejudice is an appropriate penalty in this case.  Factors relevant to this determination include "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001)(citing Bambu Sales, Inc. v.

4

Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). First, Plaintiff has not offered any excuse at all for her noncompliance, nor has she expressed a willingness to provide a PPF at any future time.  Second, a sanction short of dismissal is unlikely to induce Plaintiff's compliance, given that she has not offered to provide a PPF even in response to this motion to dismiss.  Additionally, a lesser sanction would not be as effective in deterring other plaintiffs in this MDL from flouting the Court's discovery orders.  This would divert resources from advancing these MDL proceedings and could "bring[] hundreds of these cases to a near-halt as a result of fact-discovery compliance issues." In re Rezulin Products Liab. Litig., 223 F.R.D. 109, 118 (S.D.N.Y. 2004) (dismissing cases with prejudice for failure to provide a plaintiff fact sheet as ordered); see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007) (affirming dismissal for failure to provide a timely plaintiff fact sheet, and noting that "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders"); Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (stating that the harsh penalty of dismissal in an appropriate case is

"necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger" (internal quotation marks omitted)).

Third, Plaintiff's noncompliance with CMO 3 has lasted for over a year. Her failure to respond to this motion to dismiss indicates that she no longer is interested in prosecuting her claims and likely will never provide a PPF. Finally, CMO 3 clearly warned Plaintiff that the failure to provide a completed PPF on time could result in dismissal of her case. She received further warnings from Merck and the Court that her case would be dismissed if she failed to comply.

For these reasons, Plaintiff's case is DISMISSED WITH PREJUDICE pursuant to Rule 37(b).

SO ORDERED.

Dated:   New York, N.Y.
         February /_, 2010

_____
JOHN F. KEENAN
United States District Judge